

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Arielle Boyer,

    Plaintiff,

v.

Metropolitan Management Group, Inc.

    Defendant.

**19    2798**

Case No. _ _ _ _ _ _ _

JURY TRIAL DEMANDED

**FILED**

JUN 2 6 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

## COMPLAINT

NOW COMES Plaintiff, Arielle Boyer (hereinafter referred to as "Plaintiff") by and through her, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations of Metropolitan Management Group, Inc. (hereinafter referred to as "Defendant") the of the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*).

### JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

1



set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

    4.    Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

<u>**PARTIES**</u>

    5.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

    6.    Plaintiff is an adult individual with a primary residence located at 58 Lyons Road, Fleetwood, PA 19522.

    7.    Defendant is a business corporation with a regular place of business located at 40954 Ferry Road, Doylestown, PA 18902.

    8.    At all times relevant herein, Plaintiff worked for Defendant at its location at 1030 Reed Avenue, Suite 100, Wyomissing, PA 19610.

    9.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

**FACTUAL BACKGROUND**

    10.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

    11.    Plaintiff was hired by as Marketing Manager on about April 1, 2017. At all times relevant herein, the Marketing Manager position was salaried.

    12.    As Marketing Manager, Plaintiff's job duties included managing three divisions and responsibility for Defendant's social media marketing.

13.     On about January 14, 2019, Plaintiff commenced an FMLA-approved leave of absence due to her pregnancy, child birth, and recovery from same.

14.     Plaintiff returned to work about two (2) weeks after giving birth. However, at that time, she worked only from home. Plaintiff continued to work from home for about five (5) weeks, at which time she resumed working in her full capacity as Marketing Manager.

15.     Approximately two (2) weeks after Plaintiff returned from leave, Defendant's President, Jim Drager ("Mr. Drager") and HR representative Sue Weaver ("Ms. Weaver") advised Plaintiff that she was being transferred to a different position, namely, Leasing Consultant.

16.     The transfer from Leasing Consultant was effectively a demotion because: 1) it was an hourly, as opposed to salaried position; and 2) Plaintiff's job duties were drastically changed insofar as her primary duties now consisted of providing tours to prospective tenants, submitting work orders, assisting with events and otherwise assisting the Property Manager on an as-needed basis.

17.     At the time of her apparent demotion, Mr. Draker and Ms. Weaver told Plaintiff that she was being transferred to the Leasing Consultant position because she was not available as often as Defendant needed her. However, the only reason Plaintiff has recently be unavailable was because of her aforementioned FMLA leave.

18.     About three (3) weeks after being demoted to Leasing Consultant, Plaintiff was terminated from employment.

19.     Plaintiff believes, and therefore avers, that she was terminated from employment because of her use of FMLA leave.

3

## Count I
### Violations of the FMLA
### (Interference & Retaliation)

20.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

21.     Defendant is an employer under the FMLA, as Defendant is engaged in commerce and/or activities affecting commerce and employed fifty (50) or more employees.

22.     At all times relevant herein, Plaintiff was an FMLA eligible employee as she: 1) worked for Defendant for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to the start of his FMLA leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

23.     Plaintiff exercised her rights under the FMLA, as she requested, and was approved for FMLA leave.

24.     Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff by: 1) failing to return Plaintiff to an equivalent position following her FMLA leave; 2) demoting Plaintiff within a close temporal proximity of her FMLA leave; and 3) terminating Plaintiff from employment within a close temporal proximity of her request for FMLA leave.

25.     The forgoing conduct constitutes violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay

4

increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

        D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to liquidated damages;

        E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

        F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

        G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                Respectfully Submitted,

                                Jonathan W. Chase, Esq.
                                **KRAEMER, MANES &**
                                **ASSOCIATES LLC**
                                PA ID: 312448
                                1628 JFK Blvd.
                                Suite 1650
                                Philadelphia, PA 19103
                                (215) 475 3504 Direct
                                (215) 734 2466 Fax
                                jwc@lawkm.com